TEXTO COMPLETO DE LA SENTENCIA
Comparece Productos Familia, S.A. (PF) para solicitar la revocación de la Resolución emitida el 1 de julio de 2008 por el Departamento de Estado. Mediante la referida Resolución, el Departamento de Estado denegó la solicitud de reconsideración de la Resolución emitida el 12 de febrero de 2008 y notificada el 15 de febrero de igual año. Por medio de la tal Resolución, el Departamento de Estado (o el Departamento) denegó la solicitud de registro del lema LO MEJOR PARA TODAS LAS FAMILIAS presentada por PF.
Considerados los escritos presentados por las partes, así como los documentos que los acompañan a la luz del derecho aplicable, resolvemos confirmar la Resolución recurrida.
*1139 I
PF es una compañía dedicada al diseño, producción y distribución de productos de aseo personal, principalmente productos de papel para uso en el hogar. El 21 de febrero de 2007, PF presentó una solicitud ante el Departamento de Estado para inscribir en el Registro de Marcas y Nombres Comerciales el lema LO MEJOR PARA TODAS LAS FAMILIAS bajo la clase internacional 16 (productos de papel y material impreso).
El 12 de febrero de 2008, el Departamento de Estado emitió una Resolución, en la que denegó la solicitud de registro presentada por PF. Sostuvo su determinación en que el lema que PF se proponía registrar se compone de “...palabras de uso general y corriente en el comercio para identificar las cualidades o características del producto o servicio. ”. Añadió el Departamento de Estado que el lema no cumple con el propósito de la Ley de Marcas, Ley Núm. 63 de 14 de agosto de 1991, según enmendada, (Ley de Marcas) de identificar o distinguir la fuente u origen del producto o servicio.
En desacuerdo con la Resolución emitida, PF solicitó su reconsideración. Básicamente expuso que procedía el registro solicitado, toda vez que el Departamento de Estado anteriormente le había aprobado el registro de un lema similar, a saber, LO MEJOR PARA MI FAMILIA, por lo que debía ser consistente en sus determinaciones. Asimismo, argüyó que el lema LO MEJOR PARA TODAS LAS FAMILIAS no era descriptivo ni genérico, y que se utilizaría para distinguir el origen del producto, por lo que procede su inscripción de conformidad con la Ley de Marcas, supra, y la jurisprudencia interpretativa del Tribunal Supremo.
El 14 de marzo de 2008, el Departamento de Estado acogió la solicitud de reconsideración para su resolución. El 1 de julio de 2008, el Departamento de Estado emitió su Resolución, mediante la cual denegó reconsiderar su determinación de que el lema en cuestión no es registrable. Expuso, en síntesis, que el lema era descriptivo por ser elogioso, sin significación secundaria, que no identifica el origen del producto y que el hecho de que anteriormente se hubiese inscrito un lema similar no le obliga a registrar el lema ahora presentado.
II
Inconforme, PF acude ante este Tribunal mediante recurso de revisión judicial y señala como errores del Departamento de Estado los siguientes:

“Erró el Departamento al aplicar al caso de autos la normativa de In re: Carvel Corporation, 223 U.S.P. Q. 65 (1984), aunque el lema cuyo registro se solicita no hace referencia directa a una clase de producto.

Erró el Departamento al denegar la inscripción del lema bajo el fundamento de ser una frase de elogio y al exigir prueba de significación secundaria.

Erró el Departamento al denegar el registro del lema LO MEJOR PARA TODAS LAS FAMILIAS, actuando inconsistentemente con el registro previo de un lema sustancialmente similar a favor de PA [sic], ”

III
Atendemos un recurso de revisión judicial que como es sabido no faculta a este foro de apelación intermedia para proceder a realizar un juicio de novo. Sabido es que al ejercer nuestra función revisora reconocemos gran peso y deferencia a las interpretaciones hechas por la agencia administrativa, respecto a las leyes de las que son custodios. Maldonado v. Junta, 171 DPR _ (2007), 2007 JTS 92; Polanco v. Cacique Motors, 165 DPR 156 (2005). Ello es así por razón de que tales procedimientos tienen a su favor una presunción de regularidad y corrección que debe ser respetada. Murphy Bernabé v. Tribunal Superior de P.R., 103 DPR 692, 699 (1975). Además, porque se trata de funciones, apreciaciones e interpretaciones efectuadas dentro del ámbito de la especialización (“expertise”) y experiencias de tales entes administrativos. Empresas Toledo v. Junta, 168 DPR _ (2006), 2006 JTS 147; López v. Administración, 168 DPR _ (2006), 2006 JTS 146.
*1140 Tal deferencia judicial al “expertise” administrativo, sin embargo, cede ante una actuación arbitraria, irrazonable o ilegal. Asociación v. Junta Planificación, 171 DPR _ (2007), 2007 JTS 146; Maldonado v. Junta, supra; López v. Administración, supra; Camacho v. AAFET, 168 DPR _ (2006), 2006 JTS 97; Rebollo v. Yiyi Motors, 161 DPR 69 (2004). La intervención judicial en estos casos, de este modo, debe centrarse en tres áreas principales: (1) si el remedio concedido fue apropiado, (2) si las determinaciones de hechos están razonablemente sostenidas por la prueba, y (3) si las conclusiones de derecho del organismo administrativo son correctas. See. 4.5 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA see. 2175; Asociación v. Junta Planificación, supra', P.R.T.C. v. J. Reg. Tel. de P.R., 151 DPR 269 (2000); Misión Ind. P.R. v. J.P. y A.A.A., 142 DPR 656 (1997).
Ahora bien, en cuanto a “las cuestiones de derecho, que no involucren interpretaciones efectuadas dentro del ámbito de especialización de la agencia, éstas son revisables en toda su extensión." San Antonio Maritime v. P.R Cement, Co, 153 D.P.R. 374, 396 (2001); T-JAC, Inc. v. Caguas Centrum Limited, 148 D.P.R. 70, 80-81 (1999). Como resultado de lo anterior, las interpretaciones que hacen las agencias de sus propios reglamentos y leyes creadoras merecen gran deferencia si son razonables y consistentes con su propósito legislativo, y cuando tal interpretación del estatuto no afecte sustancialmente derechos fundamentales. Gobernador v. Alcalde de Coamo, 131 D.P.R. 614, 621 (1992).
Por otro lado, en Puerto Rico, la protección del derecho de marcas se encuentra consagrada en la Ley de Marcas del Estado Libre Asociado de Puerto Rico, Ley Núm. 63 de 14 de agosto de 1991, 10 L.P.R.A. see. 171 et seq. Conforme a dicha ley, una marca es “todo signo o medio que sirva para distinguir en el mercado productos o servicios de una persona, de productos o servicios de otra persona”, 10 L.P.R.A. see. 171. Arribas & Associates, Inc. v. American Home Products Corp., 165 D.P.R. 598 (2005).
Ahora bien, al registrarse una marca con o sin uso previo, el proponente debe cumplir con varios requisitos. La Ley de Marcas, supra, incluye los requisitos formales para solicitar el registro. De otra parte, el estatuto enumera una serie de prohibiciones que afectan la posibilidad de registrar una marca. Para determinar si una palabra o frase es elegible para ser protegida bajo el derecho de marcas, depende de la categoría a que dicha palabra o frase pertenece. Para propósitos de análisis marcario, las marcas se dividen en cuatro categorías, a saber: arbitrarias o imaginables, sugestivas, descriptivas, y genéricas. Posadas de P.R. v. Sands Hotel, 131 D.P.R. 21 (1992). Sólo las dos primeras clasificaciones (arbitrarias o imaginables y las sugestivas) "... están sujetas a protección para el uso exclusivo del que las reclama. ” Posadas de P.R. v. Sands Hotel, supra, a la pág. 38. (Énfasis nuestro.)
La marca arbitraria o imaginable no guarda relación con las características del producto o servicio que identifica la marca. Las marcas imaginables son aquellas palabras que se inventan los comerciantes con el propósito de utilizarlas como marcas. El término arbitrario también se refiere a palabras comunes u ordinarias que no sugieren o describen los servicios implicados. Por otro lado, las marcas sugestivas son aquellas que sugieren, mediante un esfuerzo de la imaginación del consumidor, alguna característica del producto. La marca genérica se refiere al género o clase de un producto o servicio. Se trata de un espécimen particular dentro del género o clase. Posadas de P.R. v. Sands Hotel, supra,
En el derecho marcario, la diferencia entre un término descriptivo y uno sugestivo es algo confusa; para diferenciarlos se han desarrollado varios criterios: (1) el grado de imaginación; (2) la necesidad de los competidores, y (3) el uso por los competidores. A pesar de estos criterios, se ha señalado que en la realidad y práctica cotidiana los tribunales usan como medida (test) la intuición. Colgate-Palmolive v. Mistolín, 111 D.P.R. 313, (1986).
Ahora bien, la Ley de Marcas, supra, establece que no son registrables las palabras descriptivas de los productos o servicios en los cuales se usa, ni palabras para indicar el género, la especie, la naturaleza, la calidad *1141 o la forma de los productos o servicios en los cuales se usa. 10 L.P.R.A. secs. 171c (a)(4) y (5). En este sentido también se ha expresado que: “...Marks which are merely laudatory and descriptive of the alleged merit of a product are also regarded as being descriptive. ” J Thomas McCarthy, 1 McCarthy on Trademarks and Unfair Competiticion, Sec. 7:05 (3rd ed.).
En relación con estas frases elogiosas (laudatory), se ha expuesto que son inscribibles si contienen algún elemento de originalidad o ingenio que le capacite para distinguir el producto de otros. In re: Carvel Corporation, supra. A su vez, la Ley de Marcas, supra, dispone que las marcas descriptivas pueden ser inscribibles si hubieran adquirido, para los productos o servicios para los cuales se solicite el registro, un carácter distintivo como consecuencia del uso que se ha hecho de la misma. 10 L.P.R.A. sec. 171c(b).
Así, una marca es descriptiva cuando identifica características o cualidades de un producto o servicio. Ésta puede llegar a ser de uso exclusivo únicamente si dicha marca ha adquirido un significado secundario; o sea, que el consumidor asocia la marca con los bienes de un producto en particular. Id. La Ley de Marcas, supra, contempla, en su Artículo 5, esta figura al establecer que no se registrará una marca que consista en: “palabras descriptivas de los productos o servicios en los cuales se usa. ” 10 L.P.R.A. sec. 171c. Sin embargo, una marca descriptiva puede llegar a ser de uso exclusivo únicamente si dicha marca ha adquirido un carácter distintivo o un significado secundario a consecuencia del uso que se ha hecho de la misma. La Ley de Marcas, supra, identifica ese significado con la frase “un carácter distintivo como consecuencia del uso que se ha hecho de la [marca]”. Posadas de P.R. v. Sands Hotel, supra, pág. 38; 10 L.P.R.A. sec. 171c.
El significado secundario o el “carácter distintivo” se obtiene “cuando el consumidor asocia la marca con un producto o servicio particular”. Cooperativa Cafeteros v. Colón Colón, 91 D.P.R. 372, 387 (1964). El concepto de significación secundaria presupone que una palabra o frase, que originalmente y en su sentido primario no es susceptible de apropiación por ser descriptiva, puede, sin embargo, haber sido usada por tanto tiempo y con tal exclusividad por un productor con referencia a determinado artículo, que en el mercado la palabra o frase ha llegado a significar los bienes de un producto en particular. Colgate-Palmolive v. Mistolín, supra
IV
Discutiremos en conjunto los errores señalados por estar estrechamente relacionados. En su recurso, PF sostiene que el Departamento de Estado incidió al concluir que LO MEJOR PARA TODAS LAS FAMILIAS es una marca descriptiva y que esté compuesta por palabras que son de uso general y corriente en el comercio para identificar las cualidades del producto o servicio. Además, aduce, que la norma correcta de interpretación exige que dicha marca sea evaluada como un todo y no a base de sus componentes individuales. En ese sentido, arguye que la marca no identifica directamente ninguna característica del producto, sino que es arbitraria o, en la alternativa, sólo sugiere alguna característica del producto. Arguye además que procedía el registro solicitado, toda vez que el Departamento de Estado anteriormente le había aprobado el registro de un lema similar, a saber, LO MEJOR PARA MI FAMILIA, por lo que debía ser consistente en sus determinaciones. No nos convence de intervenir con la determinación recurrida.
Coincidimos con el razonamiento del Departamento de Estado respecto a que la marca propuesta cae dentro de lo que puede considerarse como categoría descriptiva. Ello por ser una meramente elogiosa sin elemento de originalidad o ingenio, y que no ha adquirido características diferentes como resultado de su uso en esta jurisdicción, precisamente porque no ha sido utilizada en Puerto Rico. Ello no significa que se le esté negando acceso al Registro de Marcas por razón de no tener uso previo, como sugiere PF. Ello ciertamente, contravendría la legitimidad de ese tipo de solicitud que es permitida en ciertas instancias. Se trata más bien de que por ser descriptiva no es inscribible a menos que se demuestre su significación secundaria por el uso que se ha hecho de la misma. Al LO MEJOR PARA TODAS LAS FAMILIAS no haberse utilizado, no pudo demostrarse que ha adquirido un carácter distintivo o un significado secundario a consecuencia de tal uso. Por consiguiente, *1142 no es susceptible de apropiación particular por el proponente aquí recurrente, PF.
Entendemos, al igual que el foro recurrido, que dicha frase LO MEJOR PARA TODAS LAS FAMILIAS es incapaz de distinguir los productos de PF de otros similares, que en este caso son productos de papel para el uso de familias en sus hogares. Otras compañías competidoras muy bien podrían utilizar tal frase general para identificar sus productos de papel para el uso de todas las familias; por tanto, difícilmente podría considerarse arbitraria. La jurisprudencia federal ha establecido que “a combination of two generic words is also generic, unless the combination is a ‘deviation from natural usage’ or an unusual unitary combination”’. Filipino Yellow Pages v. Asian Journal Publications, Inc., 198 F. 3d, 1143 9no Cir. 1999). Consideramos que la unión de los términos en controversia no le adjudica a la frase una característica distintiva a su producto en particular. Son términos inherentes al mercado en el que el mismo se comercializaría.
El hecho de que la frase contenga el término lo mejor sólo implica un carácter elogioso, sin el ingenio u originalidad que le impregnaría la distinción e identificación de sus productos, necesarios para hacerla inscribible como marca, o que en la alternativa, la convirtiere en una marca sugestiva. No se trata aquí meramente de que se requiera algún grado de imaginación para asociar la frase con alguna cualidad del producto, sino que aun si fuese así, la misma no supera otro escollo, lograr distinguirlo de otros productos similares, objetivo esencial de la Ley de Marcas, supra.
De forma que de registrarse dicha frase como marca de fábrica particular, según propuesta por PF, estaría vedado para la competencia el poder utilizar tales términos. Los cuales podría estimar necesarios, por corrientes y generales dentro de la industria, para mercadear productos competitivos. Ello degeneraría en efectos no deseados y que afectan la competencia en el mercado, escenario que la Ley de Marcas, supra, busca evitar.
En cuanto al criterio del uso del lema por competidores, la pretensión de PF en cuanto a que el Departamento de Estado no evidenció que conforme al Registro de Marcas el lema en controversia estuviese siendo usado por competidores, resulta desatinada. Dicho uso no podría surgir del Registro, pues, precisamente, el Departamento de Estado, en el descargo de su función, no considera el lema inscribible. El Departamento de Estado tampoco tenía que producir prueba de su uso en el mercado. Por un lado, era a PF a quien le correspondía presentar prueba para demostrar que el lema era sugestivo en parte por no estar siendo usado por competidores. Por otro lado, el Departamento de Estado actuó en aras de viabilizar un propósito importante de la Ley de Marcas, supra, a saber, no impedir el uso general de este tipo de frase mediante su registro a favor de un usuario exclusivo. Así vemos que la frase ni siquiera cumple cabalmente con el test para considerarla una marca al menos sugestiva. Colgate v. Mistolín, supra. El lema propuesto resulta descriptivo por ser elogioso, sin elementos de ingeniosidad que lo hagan inscribible por tener el efecto de distinguir el producto de otros similares.
En este sentido, concluimos que PF no ha logrado persuadirnos de que la referencia al caso In re: Carvel Corporación, supra, por parte del Departamento de Estado, fuese incorrecta por ser inaplicable al caso de autos. PF arguye, además, que labrase LO MEJOR PARA TODAS LAS FAMILIAS no alude directamente al producto en particular como ocurrió eiLdicho caso. Sin embargo, dicho caso implicó que no era necesario el nombre del producto per se para que no fuera posible el registro de la marca en estas situaciones. Por otro lado, plantea que ni el derecho de marcas federal, ni el local, han exigido originalidad e ingenio para inscribir una marca, sino que, por el contrario, la tendencia es que éstas no tienen que ser una obra de arte para poder ser registrables como marca. Así, arguye que no le compete al Departamento de Estado pasar juicio sobre la creatividad de los solicitantes.
El elemento de originalidad o ingenio requerido en estos casos no equivale a juzgar la creatividad de los solicitantes o determinar si el lema es bueno, mediocre o malo. El requisito de tales elementos alberga otro sentido y contexto en estos casos. Se trata más bien de que el lema o marca a pesar de ser descriptiva por ser *1143 simplemente elogiosa, pueda ser inscribible porque contiene algo original o ingenioso que hace que el consumidor pueda identificar con ella un producto particular y no simplemente describe alguna virtud del producto.
Por otro lado, PF destaca que el Departamento, al momento de emitir su determinación, no otorgó el valor persuasivo adecuado a que la Oficina de Marcas y Patentes de los Estados Unidos ha permitido el registro de múltiples lemas comparables a LO MEJOR PARA TODAS LAS FAMILIAS, que utilizan el “superlativo mejor” sin aludir directamente al producto que se mercadea. En este sentido debemos señalar que el factor de que una marca hubiese sido registrada en los Estados Unidos no crea una obligatoriedad de inscripción en Puerto Rico. A esto debemos añadir que la norma establecida en Arribas & Associates, Inc. v. American Home Products Corp., supra, por el Tribunal Supremo, es una clara en cuanto a que el registro federal de una marca constituye evidencia prima facie de que dicho registro es válido, que la marca pertenece al registrante federal y que éste tiene derecho al uso exclusivo de la misma. Sin embargo, ello no implica establecer una obligatoriedad de registro a nivel estatal por la mera razón de haber sido obtenido en la esfera federal. Mucho menos obliga entonces el mero hecho de registros en la Oficina de Marcas federal de lemas comparables.
Debemos recordar que en la mayoría de los estados se permite algún tipo de registro de las marcas. Para ello, éstos establecen sus propias normas; reglas que pueden coexistir con la ley federal de marcas en tanto y en cuanto no la contravengan. Véase, Arribas Associates, Inc. v. American Home Products Corp., supra. Esta situación de conflicto no ocurre en el caso de epígrafe. Estamos convencidos de que las controversias planteadas encuentran solución bajo nuestra Ley de Marcas, supra, y la jurisprudencia tanto local como federal interpretativa. Igualmente convenimos en que las normas que las gobiernan no contravienen el estatuto federal.
Por último, PF plantea que procedía el registro solicitado, toda vez que el Departamento de Estado anteriormente le había aprobado el registro de un lema similar, a saber, LO MEJOR PARA MI FAMILIA, por lo que debía ser consistente en sus determinaciones. Arguye PF que el Departamento sólo podía apartarse de este principio fomentado por la Oficina de Patentes y Marcas federal y las disposiciones pertinentes, si establecía que tal consistencia fuese un claro error. Apunta PF que el Departamento de Estado emitió una determinación inconsistente con la decisión anterior de aprobar el registro de un lema sustancialmente similar, sin explicar por qué lo contrario hubiese sido un claro error. No tiene razón.
La Resolución recurrida consiste en su totalidad de los fundamentos por los cuales el Departamento de Estado estimó que el lema LO MEJOR PARA TODAS LAS FAMILIAS no es registrable. Son estos fundamentos en derecho precisamente los que explican el porqué ser consistente con su determinación anterior sería un claro error y que, por consiguiente, dicha determinación anterior, de aprobar el registro de un lema similar, fue un error. Así, no sólo debemos consignar que determinaciones anteriores no necesariamente atan u obligan en una posterior, sino que además es principio arraigado en el derecho administrativo que una determinación errónea de una agencia no crea un estado de derecho que obligue a la agencia, o impida su corrección. González Fuentes v. ELA, 2006 JTS 53, 167 D.P.R. _ (2006).
En fin, el asunto que tuvimos ante nuestra consideración se circunscribe a resolver si la decisión administrativa merece deferencia como un curso decisorio razonable, aunque no sea el único disponible, o si, por el contrario, la decisión no se puede reconciliar con los parámetros jurídicos aplicables para emitir una decisión válida. PF no ha demostrado que la determinación emitida por el Departamento de Estado fuese una arbitraria, irrazonable, ilegal o producto de un error manifiesto. Al tenor de ello, no es la función de este foro sustituir el criterio de la agencia por el judicial. No podemos perder de perspectiva que la determinación recurrida constituye la interpretación de la agencia con el expertise en el asunto en conflicto y la que se dedica a poner en vigor la Ley de Marcas, supra. Por tanto, su interpretación merece nuestra mayor deferencia. San Antonio Maritime v. P.R Cement, Co, supra; T-JAC, Inc. v. Caguas Centrum Limited, supra; Gobernador v. Alcalde de Coamo, supra. Procede entonces que actuemos de manera consistente con la clara política judicial *1144 antes expuesta y, por ende, demos deferencia a la decisión arribada por la agencia que posee conocimiento especializado en la materia.
V
Por los fundamentos expuestos, se confirma la Resolución recurrida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Leda. María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones